UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA, FORT PIERCE DIVISION

Case No.:

6:20-cv-502-Orl-41GJK

GREGORY JELOUDOV,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, GREGORY JELOUDOV, by and through undersigned counsel sues Defendant, WELLS FARGO BANK, N.A., and alleges the following:

### Jurisdiction, Parties, and Venue

1. Plaintiff, GREGORY JELOUDOV, is a natural person who has a principal place of residence in Martin County, Florida.

2. Defendant, WELLS FARGO BANK, N.A., is Foreign Profit Corporation ("Wells Fargo"), who engages in continuous and systemic business transaction in Martin County.

3. At all times relevant and material, Wells Fargo employed more than 15 employees and was the Plaintiff's employer within the meaning of Title VII, as amended, 42 U.S.C.A. § 2000(a) to (b).

4. Wells Fargo exercised power and control and is a final policy maker with respect to the policies, practices and procedures maintained by Wells Fargo, including those that are the subject of this Complaint.

1

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343(4). Specifically, jurisdiction to grant injunctive and equitable relief as well as damages is invoked pursuant to 42 U.S.C.A. §§ 2000e et seq., as amended.

6. Venue is proper under 28 U.S.C.A. § 1391 because there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

7. All conditions precedent to the institution of this action have been performed, waived or excused.

## General Allegations

8. Plaintiff was male at birth. From the time Plaintiff was interviewed by a representative of Wells Fargo, to the time of Plaintiff's termination, Plaintiff's gender identity was female. Plaintiff requested to be address and referred to in the feminine form and pronoun and requested to be called "Jodi". Plaintiff also dresses, behaves, and identifies as a woman.

9. Plaintiff served in the United States military. While in the military, Plaintiff was sexually assaulted.

10. Plaintiff suffer from Post-traumatic Stress Disorder (PTSD) and major depressive disorder, left and right leg patellofemoral syndrome, back strain and rectal dysfunction stemming from being sexually assaulted while in the military. These conditions were known to Wells Fargo.

11. Plaintiff was employed by Wells Fargo from October 21, 2013 through April 15, 2014. From October 21, 2013 through February 4, 2014, Plaintiff worked at the La Playa branch, located at 850 La Playa Street, San Francisco ("La Playa"). From February 24th through April 15, 2014, Plaintiff worked at the Stonestown branch, located at 599 Buckingham Way, San Francisco ("Stonestown").

12. Ricky Spencer ("Spencer") was always Plaintiff's manager during Plaintiff's employment at La Playa. Plaintiff alleges Spencer had authority to determine and conduct policy on behalf of Wells Fargo, including but not limited to authority to discipline and terminate the employment of Plaintiff.

13. Tanya Shor ("Shor") was a banker at all times during Plaintiff's employment at La Playa.

14. Plaintiff's was a teller at Wells Fargo.

15. Plaintiff had received good reviews and feedback for her work during her employment with Wells Fargo.

16. Upon beginning employment at La Playa, Plaintiff informed Spencer, corporate headquarters, and numerous human resources department officials, that she wanted to be called "Jodi" and referred to in the feminine form. Plaintiff's requests were refused, and she continued to be address as "Greg" and referred to in the masculine from.

17. Shortly after beginning employment, Spencer told Plaintiff that she was "so out of the closet!".

18. Carol Rolando ("Rolando"), who works in Arizona, told Plaintiff that if she were in Arizona, she could be barred from being hired due to her orientation and gender identity.

19. A co-worker of Plaintiff, as a "response" to Plaintiff's requests to be called "Jodi", left a note on Plaintiff's keyboard stating: "once upon a time there was a young girl named Jodi."

20. On January 23, 2014, at La Playa, an anonymous derogatory note was left on Plaintiff's keyboard about "Jodi".

21. Spencer joked about rape while speaking to one of Plaintiff's co-workers about Plaintiff's bus route to work.

3

22. Avery Evans ("Evans"), a teller at La Playa, told Plaintiff that "we'd kick your ass in Hercules." "Hercules" being a reference to an incident taking place in the city of Hercules, California, in which a transgender teen was arrested for battery after defending herself from schoolyard bullies. Plaintiff reported this statement to upper management.

23. In February 2014, at La Playa, Spencer and Shor blocked Plaintiff's exit from the cash vault room. Spencer held the door closed with his foot and would not allow Plaintiff to exit. Plaintiff was not allowed to leave until she "answered" Spencer's and Shor's questions regarding the harassment complaint. Plaintiff reported the incident to the San Francisco Police Department and Wells Fargo Human Resources department.

24. Spencer ordered Lih Lih Sun ("Sun"), a female teller at La Playa, to follow Plaintiff to the restroom to see which gender restroom she used. Sun advised Plaintiff she was not allowed to use the women's restroom.

25. In early February 2014, shortly after reporting the discrimination and harassment, Wells Fargo transferred Plaintiff to the branch in Stonestown.

26. Ruffrage, the manager of Stonestown, advised Plaintiff the she could not use the women's bathroom. However, was ordered to clean the women's restroom despite being unable to use it.

27. Michael Carswell referred to Plaintiff as a "dude".

28. Plaintiff was required to adhere to the "male dress code"

29. Spencer and Ruffrage denied Plaintiff internet access, which was permitted to Plaintiff's co-workers, stating they did not want gay porn being downloaded onto Wells Fargo's computers.

30. Plaintiff was repeatability called "stupid" and stupid bitch" by multiple co-workers.

31. On March 18, 2014, Ruffrage and Jacqueline Monasterio, a manager of Stonestown, told Plaintiff her "time is up" with Wells Fargo and they would "impose sanctions" on her.

32. On April 15, 2014, Ruffrage told Plaintiff to go home and never return. On April 22, 2014, Plaintiff received a telephone call from Wells Fargo confirming her termination.

33. Defendant discriminated, harassed, maintained a hostile work environment and terminated Plaintiff based on veteran status, disability, sexual orientation and gender identity.

34. Plaintiff has employed counsel to represent him in this litigation and has agreed to pay counsel a reasonable fee for any and all such services.

## Count I- Discrimination
## Unlawful Employment Practices in Violation of 42 U.S.C. § 2000e

35. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-34 above as if fully set forth herein.

36. The plaintiff was subjected to the course of conduct described in allegations 25 through 32, which was severe or pervasive.

37. Plaintiff reasonably believed her work environment to be hostile or abusive as a result of the conduct of managers and co-workers.

38. Plaintiff suffered tangible adverse employment action as a result of the hostile work environment or harassment.

39. Defendant, by or through their agents and representatives engaged in unlawful employment practices by maintaining a hostile work environment, which resulted in Plaintiff being harassed, mistreated, humiliated, discharged, segregated, adversely affected as an employee, and/or deprived of employment opportunity or benefits, or discriminating against her with respect to her compensation, terms, conditions, or privileges of employment because of the plaintiff's sex or sexual identity.

40. Defendant, by or through their agents and representatives engaged in unlawful employment practices by firing or discharging the plaintiff, or otherwise discriminating against her with respect

5

to her compensation, terms, conditions, or privileges of employment because of the plaintiff's sex or sexual identity.

41. Defendant, by or through their agents and representatives engaged in unlawful employment practices by segregating, classifying or adversely affecting the plaintiff's status as an employee, or treating Plaintiff in a way that deprived her of employment opportunities or benefits because of the plaintiff's veteran status, disability, sexual orientation and gender identity.

42. Defendant's conduct violated 42 U.S.C. § 2000e et seq, was intentional, malicious, not welcomed, or with reckless disregard of Plaintiff's rights.

43. Defendant's conduct was motivated by Plaintiff's veteran status, disability, sexual orientation and gender identity, and Defendant's alleged other reasons are pretextual.

44. Defendant knew, should have known, allowed or participated in the unlawful employment practices, which caused damages to Plaintiff

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, lost wages, salary, back and front pay, employment benefits, compensatory and emotional distress damages, liquidated damages, interest, attorneys' fees and costs with interest thereon, equitable relief, any and all damages authorized under the violated laws, and any other such relief that the Court deems just and proper.

### Count II- Retaliation
### Employment Retaliation for Opposing Unlawful Employment Practices in Violation of 42.U.S.C. § 2000e-3.

45. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-34 above as if fully set forth herein.

46. Defendant knew, should have known, allowed or participated in the unlawful employment practices, which caused damages to Plaintiff.

6

47. Plaintiff opposed the unlawful practices described in Count I above.

48. On or about April 15, 2014, Defendant retaliated against Plaintiff by firing, discharging, segregating, adversely affecting, depriving Plaintiff employment opportunity or benefits, or discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment because she opposed or reported the unlawful employment practices.

49. The course of conduct described above was intentional, malicious, and with reckless disregard of Plaintiff's rights.

50. Defendant knew, should have known, condoned, participated, or allowed the unlawful employment practices, which resulted in damages to the Plaintiff.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, lost wages, salary, back and front pay, employment benefits, compensatory and emotional distress damages, liquidated damages, interest, attorneys' fees and costs with interest thereon, equitable relief, any and all damages authorized under the violated laws, and any other such relief that the Court deems just and proper.

## **Demand for Jury Trial**

Plaintiff demands a jury trial of all issues so triable by right of a jury.

**[INTENTIONALLY LEFT BLANK]**

## VERIFICATION

I declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts alleged are true and accurate to the best of my knowledge and belief.

_____
GREGORY JELOUDOV

Sworn and subscribed before me on, February 14th, 2020 by Gregory Jeloudov, who ____ is personally known to me __X__ produced FL DL as identification and who took an oath.

_____
NOTARY PUBLIC-STATE OF FLORIDA
Name: Jonathan Espinosa
Commission No. GG 267068
My Commission Expires: 10/15/22

JONATHAN ESPINOSA
Notary Public - State of Florida
Commission # GG 267068
My Comm. Expires Oct 15, 2022

DATED: Feb 14th, 2020

/s/ Justin R. Infurna, Esq., LL.M.
Justin R. Infurna, Esq., LL.M
The Infurna Law Firm, P.A.
Attorney for Plaintiff
Bar Number: 84284
121 South Orange Ave., Ste. 1500
Orlando, Florida 32801
Telephone: (800)-774-1560
Fax: (407)-386-3419
justin@infurnalaw.com